IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARITZA SOTO,<br><br>   Petitioner,<br><br>  v.<br><br>VALERIE ARTHUR, ADMINISTRATOR, et al.,<br><br>   Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 15-5610 (AET)<br><br>**MEMORANDUM OPINION** |

**THOMPSON, District Judge:**

Before the Court is Petitioner Maritza Soto's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 3).

1. Petitioner, a state-sentenced inmate incarcerated at Edna Mahan Correctional Facility for Women, submitted a letter to the Court on May 27, 2015, (Docket Entry 1), which was inadvertently docketed in a prior civil suit, *Soto v. Behot, et al.*, No. 98-2574 (D.N.J. Jun. 4, 2015).

2. As Petitioner was requesting relief from her state sentence, the Court ordered the Clerk to open a new proceeding under 28 U.S.C. § 2254. (Docket Entry 2). The Court administratively terminated the petition pending the submission of the § 2254 form and application to proceed *in forma pauperis*. (Docket Entry 2).

3.   Petitioner submitted an amended petition and application to proceed *in forma pauperis* on September 16, 2015. (Docket Entry 3)

4.   By Order dated September 22, 2015, this Court granted Petitioner's application to proceed *in forma pauperis* and advised Petitioner of her rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (Docket Entry 4). The Court advised Petitioner of the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and ordered the Petitioner to advise the Court as to how she wanted to proceed. (Docket Entry 4).

5.   Petitioner sent a letter to the Court on October 13, 2015, requesting more time to respond to the Court's *Mason* Order. (Docket Entry 5). By Order dated October 19, 2015, the Court granted Petitioner until December 21, 2015, to respond. (Docket Entry 5).

6.   Petitioner submitted a letter on November 16, 2015, listing certain aspects of her trial she wanted to the Court to review, including the performance of her attorney and evidentiary concerns. (Docket Entry 6).

7.   Petitioner's response to this Court's *Mason* order does not comply with the Order or with the habeas rules. Petitioner was instructed she could either have her petition ruled upon as filed or withdraw her petition and file one all-inclusive

2

petition subject to AEDPA's statute of limitations. (Docket Entry 4 ¶ 5). Instead, Petitioner submitted a letter raising new claims for this Court's consideration. (Docket Entry 6).

    8. Habeas Rule 2 provides in relevant part:

>(c) Form. The petition must:
>
>(1) specify all the grounds for relief available to the petitioner;
>
>(2) state the facts supporting each ground;
>
>(3) state the relief requested;
>
>(4) be printed, typewritten, or legibly handwritten; and
>
>(5) be signed under penalty of perjury ...

28 U.S.C. § 2254 Rule 2(c). The amended petition does not comply with this rule as it does not contain all of the available grounds for relief.

    9. As Petitioner is proceeding pro se, and pro se filings must be construed leniently, the Court will give Petitioner one more chance to submit a complete § 2254 petition. The petition must specifically identify all of the claims Petitioner intends to raise for this Court's review, set forth the facts supporting the claims, and contain sufficient information for the Court to determine whether she has exhausted state remedies as to those claims. See 28 U.S.C. § 2254 Rule 2(c).

10. As the amended petition does not conform to the Rules Governing § 2254 Proceedings, the case shall be administratively terminated.

11. If Petitioner wishes to reopen her case, she must submit a second amended petition, on the appropriate form, that specifically identifies every claim she wants the Court to review.

12. An appropriate Order accompanies this Opinion.

2/29/16
Date

ANNE E. THOMPSON
Chief U.S. District Judge

4